# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Jacksonville Division

**MICHAEL BUERMAN**

    **Plaintiff,**

**v.**　　　　　　　　　　　　**CIVIL ACTION NO.:**

**BOULEVARD RETREAD CENTER, INC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Michael Buerman ("Plaintiff" or "Mr. Buerman"), by and through the undersigned counsel, and hereby files this Complaint against Defendant Boulevard Retread Center, Inc. ("Defendant") for violations of Title I of the Americans with Disabilities Act and the ADA Amendments Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Buerman is an adult male who currently resides in Fleming Island, Florida.

2. Defendant is a Florida profit corporation with its headquarters and principal place of business in Deland, Florida. Defendant does business in the State of Florida, including Duval County, Florida.

3. Defendant employs over 15 employees and is a covered employer

within the meaning of the ADA, at all times relevant to this Complaint.

4. This Court has jurisdiction over Mr. Buerman's ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The allegations in this Complaint primarily involve acts and occurrences while Mr. Buerman was employed by Defendant in Duval County, Florida. Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

## PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

6. Mr. Buerman has timely complied with all legally required administrative prerequisites prior to initiating this action.

7. Specifically, Mr. Buerman timely filed his charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") on or before July 20, 2021.

8. Mr. Buerman received a Notice of Right to Sue from the EEOC on or about July 22, 2021.

9. Mr. Buerman has timely filed this action within 90 days of receipt of the EEOC Notice of Right to Sue.

## FACTS GIVING RISE TO RELIEF

10. Mr. Buerman was employed by Defendant from approximately

September 1999 until his termination on November 4, 2020.

11. Mr. Buerman's position at the time of his termination was as a retread technician, working at Defendant's Jacksonville Boulevard Retread Tire Center.

12. At all times relevant herein, Mr. Buerman performed his duties in a competent and satisfactory manner.

13. Mr. Buerman's immediate supervisor at the time of his termination was Defendant's Jacksonville plant manager, Andy Aunspaugh.

14. At all times relevant herein, Mr. Aunspaugh acted as an employee and agent of Defendant.

15. In 2016, while employed by Defendant, Mr. Buerman suffered a cardiac event which required him to undergo open heart surgery.

16. Defendant was notified of Mr. Buerman's open heart surgery, and took a period of medical leave associated with the surgery, follow-up treatment, and care.

17. Approximately three months following the 2016 open heart surgery and recovery, Mr. Buerman returned to work for Defendant.

18. In the Summer of 2020, Mr. Buerman informed Mr. Aunspaugh that he was experiencing symptoms associated with physical impairments and health problems which included, severe fatigue, loss of appetite, and swelling in his right leg.

19. As a result of Mr. Buerman's physical impairments and health problems, he notified Mr. Aunspaugh that he would be seeking treatment from his healthcare provider.

20. Thereafter, Mr. Buerman informed Mr. Aunspaugh that he was undergoing medical evaluations and treatment for his physical impairments and health problems.

21. Mr. Buerman attended a number of doctor's appointments for evaluation and treatment in late Summer and early Fall of 2020.

22. On or about October 30, 2020, Mr. Buerman underwent a cardiovascular procedure on his right leg. Mr. Buerman sought, and believed he received approved leave from Defendant to attend this procedure in advance.

23. Following the cardiovascular procedure, Mr. Buerman was directed by his cardiologist, to obtain additional evaluation from his primary care physician.

24. As a result, Mr. Buerman sought, and believed he had received approved leave from Defendant to attend a doctor's office visit with his primary care physician on November 2, 2020.

25. On or about November 3, 2020, Mr. Buerman sought, and believed he had received an additional day of approved leave resulting from pain he was experiencing following his November 2nd doctor's office visit.

26. On or about November 4, 2020, Mr. Buerman returned to work, and

provided Mr. Aunspaugh with a doctor's note regarding his November 2nd office visit.  Mr. Aunspaugh then stated: "I have to terminate you," and threw the doctor's note in the trash.

27.     After Mr. Buerman's termination of employment with Defendant, he continued to be treated for his physical impairments, eventually undergoing multiple surgical procedures in early 2021, which included an additional open heart surgery and surgery to treat a major staph infection.

28.     The 2021 open heart and staph infection surgical procedures that Mr. Buerman received  were related to, and necessary to treat Mr. Buerman's physical impairments and health problems existing at the time of Mr. Buerman's termination from Defendant.

29.     Mr. Buerman submits that any reason proffered by Defendant as a legitimate non-discriminatory reason for his termination is pretextual, and that the real reason for his termination was on account of his disability.

30.     As a result of Defendant's unlawful acts and practices, Mr. Buerman has suffered and continues to suffer damages.

31.     All conditions precedent to bringing this action have been satisfied, waived or excused.

32.     This Complaint is timely filed.

33.     Mr. Buerman has retained the undersigned law firm to prosecute this action, and has agreed to pay said law firm a reasonable fee for its services.

## COUNT I
### (Violation of the Americans with Disabilities Act and the Americans with Disabilities Amendments Act of 2008; 42 U.S.C. §§ 12101 *et seq.*/Disability Discrimination)

34. Mr. Buerman restates and realleges each and every factual allegation contained in paragraphs 1 through 33 of this Complaint with the same force and vigor as if set out here in full.

35. Defendant, by and through its agents and employees, intentionally discriminated against Mr. Buerman on account of his disability in violation of the ADA.

36. Mr. Buerman is an individual with a disability:

   a. Because Mr. Buerman has an impairment that substantially limits certain major life activities, including but not limited to: the cardiovascular system and circulatory system; or alternatively;

   b. Because Mr. Buerman has a record of an impairment that substantially limits certain major life activities, including but not limited to: the cardiovascular system and circulatory system; or alternatively,

   c. Because Mr. Buerman was regarded as having an impairment that substantially limited certain major life activities, including but not limited to: the cardiovascular system and circulatory

system.

37. Mr. Buerman is an otherwise qualified individual because he is, and has been able to perform the essential functions of his job with or without reasonable accommodations.

38. Defendant, by and through its agents and employees, took adverse action against Mr. Buerman by, among other things, terminating Mr. Buerman's employment on account of his disability.

39. The facts and circumstances of the discriminatory treatment of Mr. Buerman also establish a convincing mosaic of evidence that Defendant, thorough its agents and employees, intentionally discriminated against Mr. Buerman on account of his disability in violation of the ADA.

40. The acts and omissions committed by Defendant and its agents, officials, and employees were willful, malicious, and in reckless disregard of Mr. Buerman's federally protected rights.

41. As a direct and proximate result of Defendant's actions and omissions, by and through its employees and agents, Mr. Buerman has suffered and will continue to suffer lost wages, lost benefits and entitlements, loss of earning capacity, and other economic losses, damage to his career and reputation, personal humiliation, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Michael Buerman demands judgment against

Defendant for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, medical expenses, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of enjoyment of life, and damages associated with additional health-related problems; punitive damages; attorney's fees and costs under the ADA; pre-judgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## COUNT II
### (Violation of the Americans with Disabilities Act and the Americans with Disabilities Amendments Act of 2008; 42 U.S.C. §§ 12101 *et seq.*/Denial of Reasonable Accommodations)

42.   Mr. Buerman restates and realleges each and every factual allegation contained in paragraphs 1 through 33 of this Complaint with the same force and vigor as if set out here in full.

43.   Defendant, by and through its agents and employees, intentionally discriminated against Mr. Buerman in violation of the ADA by failing to provide Mr. Buerman with reasonable accommodations on account of his disability.

44.   Mr. Buerman is an individual with a disability:

    a.   Because Mr. Buerman has an impairment that substantially limits certain major life activities, including but not limited to: the cardiovascular system and circulatory system; or

          alternatively;

    b.    Because Mr. Buerman has a record of an impairment that substantially limits certain major life activities, including but not limited to: the cardiovascular system and circulatory system.

45.    Mr. Buerman is an otherwise qualified individual because he is, and has been able to perform the essential functions of his job with or without reasonable accommodations.

46.    Mr. Buerman requested reasonable accommodations of leave to attend doctor visits and treatment associated with his disability.

47.    Defendant, by and through its agents and employees, failed to provide Mr. Buerman reasonable accommodations and terminated his employment instead of providing the reasonable accommodations requested.

48.    The acts and omissions committed by Defendant and its agents, officials, and employees were willful, malicious, and in reckless disregard of Mr. Buerman's federally protected rights.

49.    As a direct and proximate result of Defendant's actions and omissions, by and through its employees and agents, Mr. Buerman has suffered and will continue to suffer lost wages, lost benefits and entitlements, loss of earning capacity, and other economic losses, damage to his career and reputation, personal humiliation, emotional distress, mental anguish, and loss of enjoyment

of life.

**WHEREFORE**, Plaintiff Michael Buerman demands judgment against Defendant for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, medical expenses, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of enjoyment of life, and damages associated with additional health-related problems; punitive damages; attorney's fees and costs under the ADA; pre-judgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Michael Buerman hereby demands a jury trial on all claims set forth in the Complaint.

Dated this 18th day of October, 2021.

>Respectfully submitted,
>
>The Law Office of Shands M. Wulbern, P.A.
>
>By: */s/ Shands M. Wulbern*
>Shands M. Wulbern
>Florida Bar No. 0155217
>3000 Hartley Road, Suite 10
>Jacksonville, Florida 32257
>(904) 570-9233
>swulbern@wulbernlaw.com
>
>*Trial Counsel for Plaintiff*